UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

__NEKPEN OSUAN__

_____

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

__CITY OF NEW YORK__

_____

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)_

18-CV-151 (WHP)

FIRST AMENDED
**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☑ Yes ☐ No
_(check one)_

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/12/18

This action is brought for discrimination in employment pursuant to: _(check only those that apply)_

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
  **NOTE:** _In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission._

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
  **NOTE:** _In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission._

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
  **NOTE:** _In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission._

☑ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

☑ New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

I. **Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name _Nekpen Osuan_
Street Address _539 W. 155th Street #44_
County, City _New York, NY_
State & Zip Code _10032_
Telephone Number _347-847-6377_

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  Name _City of New York (Dept. of Buildings)_
Street Address _c/o Law Department_
County, City _100 Church St._
State & Zip Code _NY, NY 10007_
Telephone Number _____

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer _____
Street Address _____
County, City _____
State & Zip Code _____
Telephone Number _____

II. **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____  Failure to hire me.
✓  Termination of my employment.
_____  Failure to promote me.
_____  Failure to accommodate my disability.
✓  Unequal terms and conditions of my employment.

    _____    Retaliation.

    _____    Other acts *(specify)*: _____.

    *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B. It is my best recollection that the alleged discriminatory acts occurred on: **September 16, 2016**
    *Date(s)*

C. I believe that defendant(s) *(check one)*:

    _____    is still committing these acts against me.

    ✓    is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

    ☑ race **✓ black**    ☑ color **✓ black**

    ☑ gender/sex **✓ Female**    ☐ religion _____

    ☑ national origin **✓ Nigerian**

    ☐ age. My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

    ☐ disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

**See Attachment A**

_____

    *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

## III. Exhaustion of Federal Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: **March 16, 2017** _____ *(Date)*.

B.  The Equal Employment Opportunity Commission *(check one)*:

_____  has not issued a Notice of Right to Sue letter.

___✓___  issued a Notice of Right to Sue letter, which I received on **Nov. 30, 2017** *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.  Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____  60 days or more have elapsed.

_____  less than 60 days have elapsed.

## IV. Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: 

**Reinstatement of job; back and front pay; money damages ($1.5 million) for pain and suffering**

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this **12** day of **February**, 20**18**

Signature of Plaintiff  *[signature]*

Address  **534 W. 155th St. #44**

**NYC, NY 10032**

Telephone Number  **347-847-6377**

Fax Number *(if you have one)*

**ATTACHMENT A**

1. I started working at the New York City Department of Buildings (NYC DOB) in March 2016 as Director of Analytics. I was hired by Deputy Commissioner Archana Jayaram, and my manager was Timothy Martin, who started at NYC DOB on the same day as I did. Mr. Martin managed my work progress, with weekly check-ins.

2. During my time my time at NYC DOB, I was asked to perform various tasks including preparing reports, Analytics reviews, interviews and managing and writing proposals and presentations. Mr. Martin often gave me positive feedback and never reprimanded or raised concerns with me about my employment.

3. During the first week of my employment, I was told by the Deputy Commissioner's Executive Assistant India Brown that as a manager I was eligible, under "flex time," to arrive at work later than normal office start time of 9am. I was given approval to arrive at 9:30am under "flex time." Ms. Brown copied Mr. Martin on all emails related to my hours, including my arrival time of 9:30am.

4. Mr. Martin approved my timesheet on a weekly basis during my entire time at NYC DOB, and never disapproved of a timesheet I certified or submitted.

5. Mr. Martin regularly asked me to inform him of my schedule, including whether I would arrive outside of my flex time. He told me the "he did not mind and would approve as long as I worked a full 7 hours each day." Mr. Martin always approved my timesheet and others' even with knowledge of arrival beyond flex time.

6. I was never reprimanded or warned by Mr. Martin or any other supervisor, even on the day I was terminated, that I was violating any NYC DOB's policies or practices relating to timekeeping. In fact, it was a standard practice for Mr. Martin to approve my timesheets with standard work hours despite his knowledge and approval of my arrival for work after my flex time.

7. I was terminated in September 2016, but given no reason for my termination. Instead, the NYC DOB Director of Investigations, Dennis McGowan, offered me the option to sign a letter of resignation on the day I was terminated, but I refused because I saw no reason to resign from my job. I was terminated that day still without any explanation, and asked to leave that same day.

8. I was the only Black and African person on Mr. Martin's team and the only female. I am not aware that anyone else, on Mr.Martin's team or otherwise, was ever reprimanded or terminated for coming in after flex time when they had their manager's approval to do so, as I did. I was told by NYS Department of Labor (NYS DOL) several months later that I was terminated due to excessive lateness after multiple warnings.

9. During my two hearings in 2017 held by NYS DOL regarding my unemployment benefits, I heard for the first time allegations that I was guilty of misconduct. An administrative law judge for NYS Department of Labor ruled in my favor that there was no credible evidence that I was terminated for misconduct. That decision was upheld on appeal before the Appeals Board.



JAYSON S. MYERS
CHIEF ADMINISTRATIVE LAW JUDGE
TERESA A. DEMEO
CHRISTOPHER M. TATE
MATTHEW J. TIERNEY
PRINCIPAL ADMINISTRATIVE LAW JUDGE

STATE OF NEW YORK
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
ADMINISTRATIVE LAW JUDGE SECTION
P.O. BOX 29002
BROOKLYN NY 11202-9002
(718) 613-3500
FAX:(718) 613-3566

CAROL PROCOPIO
BENJAMIN H. REYES
DENNIS TORREGGIANI
NICOLE BEASON
RACHEL FREEMAN
SENIOR ADMINISTRATIVE LAW JUDGE

*DECISION AND NOTICE OF DECISION*
*DECISIÓN Y AVISO DE LA DECISIÓN TOMADA*

A.L.J. Case No. 017-06850

IN THE MATTER OF:

Mailed and Filed: July 14, 2017

**NEKPEN OSUAN**
**539 WEST 155TH STREET 44**
**NEW YORK NY 10032**

**THE CITY OF NEW YORK**
**DEPARTMENT OF BUILDINGS**
**280 BROADWAY 7TH FLOOR**
**NEW YORK NY 10007**

**UNEMPLOYMENT ACTION CTR.**
**ATTN: KYLE KUNST**
**240 MERCER STREET**
**NEW YORK NY 10012-1507**

**NYC DEPT OF BLDGS**
**DENIS MCGOWAN, EXEC DIR**
**11 PARK PLACE, STE 201**
**NEW YORK NY 10007-**

**THE CITY OF NEW YORK**
**DEPT OF DCAP**
**1 CENTRE ST RM 2180**
**NEW YORK NY 10007-1602**

Department of Labor Office: 801

Hearing Requested: April 10, 2017

**PLEASE TAKE NOTICE** that this decision has been duly mailed on the date listed above. If you appeared at the hearing and are not satisfied with this decision, you may appeal within **TWENTY DAYS** from the date this decision was mailed. **READ IMPORTANT INFORMATION ON REVERSE SIDE REGARDING YOUR RIGHT TO APPEAL.** Any party who failed to appear at the hearing has the right to apply to reopen the case. For the application to be granted, the party must apply within a reasonable time and must establish good cause for its failure to appear.

**POR FAVOR TOME NOTA**: esta decisión ha sido debidamente enviada por correo en la fecha que aparece arriba. Si usted asistió a la audiencia y no está satisfecho con la decisión, puede apelar dentro de **VEINTE DIAS** contados a partir de la fecha en que esta decisión fue enviada por correo. **LEA LA INFORMACIÓN IMPORTANTE AL REVERSO SOBRE SUS DERECHOS DE APELACIÓN**. Cualquiera de las partes que falle en comparecer a la audiencia, tiene el derecho de solicitar que se reabra su caso. Para que dicha solicitud sea otorgada, la parte interesada debe solicitarlo dentro de un periodo de tiempo razonable y debe establecer buena causa por no haber comparecido a la audiencia.

DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO
AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)

AB 665-O (10/06)

A.L.J. Case No. 017-06850        NEKPEN OSUAN        Page 2

## NOTICE OF DECISION

**CLAIMANTS**

IF YOU DISAGREE WITH THIS DECISION, YOU HAVE A RIGHT TO APPEAL TO THE UNEMPLOYMENT INSURANCE APPEAL BOARD.

Parties may be represented by lawyers or other persons of their choice on appeal to the Appeal Board. For representing a claimant, a lawyer or an agent registered by the Appeal Board may charge a fee. The fee must be approved by the Appeal Board before payment may be accepted by such lawyer or agent. No other person may charge a fee for representing a claimant. If you do not have enough money to hire a lawyer or registered agent, you may be able to get one free through your local Legal Aid Society or Legal Services Program.

**TO APPEAL A DECISION**

1. Continue to follow **all** instructions from the Unemployment Insurance office where you originally filed your claim and to certify for benefits as long as you are unemployed and claiming benefits. This will protect your rights to any benefits you claim.

2. Within twenty (20) days of the date printed on the face of this decision, mail a letter to the office where you originally filed your claim or to the Appeal Board at P.O. Box 15126, Albany, New York 12212-5126, or fax your appeal to the Appeal Board at (518) 402-6208. Please state that you wish to appeal and the reasons for your appeal. Include your ALJ Case Number (found just above your name on the face of the Notice of Decision) and a copy of the Notice of Decision.

3. Claimants who appeal are **not** required to pay a deposit on filing an appeal.

**EMPLOYERS**

If you wish to appeal this decision, you may file a notice of appeal within twenty (20) days from the date printed on the face of this decision to the office where the claim was originally filed and which issued the initial determination, or to the Unemployment Insurance Appeal Board at P.O. Box 15126, Albany, New York 12212-5126, or you may fax your notice of appeal to the Appeal Board at (518) 402-6208. Such notice of appeal should include the A.L.J. Case Number (found on the face of this Notice of Decision), the reason(s) for the appeal and a copy of the Notice of Decision.

**ALL PARTIES WILL RECEIVE A NOTICE OF RECEIPT OF APPEAL DIRECTLY FROM THE APPEAL BOARD AFTER ANY APPEAL IS MADE.**

## INSTRUCCIONES A LOS RECLAMANTES

**RECLAMANTES**

SI NO EST" DE ACUERDO CON ESTA DECISIPN, USTED TIENE DERECHO DE APELARLA A LA JUNTA DE APELACIONES DEL SEGURO POR DESEMPLEO.

Las partes si lo desean, pueden estar representadas por abogados, u otras personas que ellos seleccionen en la apelación a la Junta de Apelaciones (Appeal Board). Un abogado o un agente que esté registrado por la Junta de Apelaciones, puede cobrale honorarios por representarle. Estos honorarios deben ser aprobados por la Junta de Apelaciones antes que el pago pueda ser aceptado por dicho abogado o agente registrado. Ninguna otra persona podrá cobrar honorarios por representar al reclamante. Si usted no tiene suficiente dinero para contratar a un abogado o un agente registrado, puede conseguir uno gratis a través de la Sociedad de Asistencia Legal (Legal Aid Society) o el Programa de Servicios Legales (Legal Services Program).

**PARA APELAR LA DECISIPN**

1. Continte siguiendo **todas** las instrucciones de la oficina del Seguro por Desempleo (Unemployment Insurance) donde usted presentó su reclamo originalmente y para certificar por los beneficios mientras permanezca desempleado y esté reclamando beneficios. Esto protegerá su derecho a recibir cualquier beneficio que reclame.

2. Antes de cumplirse veinte (20) días de la fecha que aparece al frente de esta decisión, envie una carta a la oficina donde presentó originalmente su petición o al Appeal Board a P.O. Box 15126, Albany, New York 12212-5126, o envie por fax su apelación al Appeal Board al (518) 402-6208. Por favor, explique que desea apelar y las razones que tiene para hacerlo. Incluya su ntmero de caso ALJ (lo encontrará justo encima de su nombre al frente de este Aviso de Decisión) y envíe una copia de este Aviso de Decisión.

3. Los reclamantes **no** necesitan depositar dinero para poder apelar su caso.

**TODAS LAS PARTES RECIBIR"N UN AVISO DE RECIBO DE APELACIPN DIRECTAMENTE DE LA JUNTA DE APELACIONES DESPU1S DE QUE SU PETICION SEA RECIBIDA.**

AB 665 (02-06)

A.L.J. Case No.017-06850            NEKPEN OSUAN                            Page 3

ISSUES:   Loss of employment through misconduct.
Timely request for a hearing. The Comm. of Labor objects that the hearing request was not made within 30 days of the mailing or personal delivery of the initial determination.

The Department of Labor issued the initial determination disqualifying the claimant from receiving benefits effective September 17, 2016, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by THE CITY OF NEW YORK DEPARTMENT OF BUILDINGS prior to September 17, 2016, cannot be used toward the establishment of a claim for benefits. The claimant requested a hearing. The Commissioner of Labor objected that the hearing request was not made within the time allowed by law.

Hearings were held at which testimony was taken. There were appearances by the claimant and on behalf of the employer.

FINDINGS OF FACT: The claimant was employed by the City of New York as a Computer Services Manager level 4/Director of Analytics from May 2, 2016 through September 16, 2016. She was paid at the rate of $123,600 per year and was scheduled to work from 9 a.m. to 5 p.m., Monday through Friday, with flex time, which meant that she was permitted to come in within her flex time band which was usually 30 minutes after her start time or it could be more, depending upon what was agreed to. The claimant was a salaried employee.

In or about July 2016, the Chief Analytics Officer began keeping track of the claimant's arrival times because he was unhappy with her lateness and job performance.

In or about August 2016, there was an email exchange between the Administrative Assistant to the Deputy Commissioner, at which the Chief Analytics Officer was copied, wherein the claimant requested that her flex time band be expanded to an arrival time of 10 a.m. Based upon this email, the claimant believed that she had been approved for an arrival time of 10 a.m.

On September 13, 2016, the Chief Analytics Officer told the claimant that it was unacceptable for to arrive late to work and that she needed to reflect any late arrivals on her timesheet.

Prior to September 14, 2016, the claimant entered her arrival time as 9:35 a.m. in the employer's timekeeping system for September 14, 2016 because she knew that she had a doctor's appointment on that morning and would be arriving late. The claimant was planning on reviewing her timesheet before September 20, 2016 and adjusting it prior to submitting it to the Chief Analytics Officer for his approval; by submitting it to the Chief Analytics Officer for his approval, the claimant was certifying to its accuracy.

On September 14, 2016, the claimant arrived to work at 10:22 a.m.

On September 16, 2016, the claimant was discharged because the Executive Director of Investigation believed that the claimant had falsified her arrival time on her timesheet on September 14, 2016, by entering 9:35 a.m., when she did not arrive until 10:22 a.m.

After the claimant separated from her employment, she filed a claim for unemployment insurance benefits. On November 18, 2016, the claimant submitted a written statement to the Department of Labor wherein she wrote the following:

*9/14-arrival at 10:22 a.m. – On this morning I was tardy due to a follow up with my doctor about my blood lab results for a visit the prior week…*

A.L.J. Case No.017-06850        NEKPEN OSUAN                                Page 4

## NOTICE OF DECISION

**CLAIMANTS**

**IF YOU DISAGREE WITH THIS DECISION, YOU HAVE A RIGHT TO APPEAL TO THE UNEMPLOYMENT INSURANCE APPEAL BOARD.**

Parties may be represented by lawyers or other persons of their choice on appeal to the Appeal Board. For representing a claimant, a lawyer or an agent registered by the Appeal Board may charge a fee. The fee must be approved by the Appeal Board before payment may be accepted by such lawyer or agent. No other person may charge a fee for representing a claimant. If you do not have enough money to hire a lawyer or registered agent, you may be able to get one free through your local Legal Aid Society or Legal Services Program.

**TO APPEAL A DECISION**

1. Continue to follow **all** instructions from the Unemployment Insurance office where you originally filed your claim and to certify for benefits as long as you are unemployed and claiming benefits. This will protect your rights to any benefits you claim.

2. Within twenty (20) days of the date printed on the face of this decision, mail a letter to the office where you originally filed your claim or to the Appeal Board at P.O. Box 15126, Albany, New York 12212-5126, or fax your appeal to the Appeal Board at (518) 402-6208. Please state that you wish to appeal and the reasons for your appeal. Include your ALJ Case Number (found just above your name on the face of the Notice of Decision) and a copy of the Notice of Decision.

3. Claimants who appeal are **not** required to pay a deposit on filing an appeal.

**EMPLOYERS**

If you wish to appeal this decision, you may file a notice of appeal within twenty (20) days from the date printed on the face of this decision to the office where the claim was originally filed and which issued the initial determination, or to the Unemployment Insurance Appeal Board at P.O. Box 15126, Albany, New York 12212-5126, or you may fax your notice of appeal to the Appeal Board at (518) 402-6208. Such notice of appeal should include the A.L.J. Case Number (found on the face of this Notice of Decision), the reason(s) for the appeal and a copy of the Notice of Decision.

**ALL PARTIES WILL RECEIVE A NOTICE OF RECEIPT OF APPEAL DIRECTLY FROM THE APPEAL BOARD AFTER ANY APPEAL IS MADE.**

## INSTRUCCIONES A LOS RECLAMANTES

**RECLAMANTES**

**SI NO EST" DE ACUERDO CON ESTA DECISIPN, USTED TIENE DERECHO DE APELARLA A LA JUNTA DE APELACIONES DEL SEGURO POR DESEMPLEO.**

Las partes si lo desean, pueden estar representadas por abogados u otras personas que ellos seleccionen en la apelación a la Junta de Apelaciones (Appeal Board). Un abogado o un agente que esté registrado por la Junta de Apelaciones, puede cobrale honorarios por representarle. Estos honorarios deben ser aprobados por la Junta de Apelaciones antes que el pago pueda ser aceptado por dicho abogado o agente registrado. Ninguna otra persona podrá cobrar honorarios por representar al reclamante. Si usted no tiene suficiente dinero para contratar a un abogado o un agente registrado, puede conseguir uno gratis a través de la Sociedad de Asistencia Legal (Legal Aid Society) o el Programa de Servicios Legales (Legal Services Program).

**PARA APELAR LA DECISIPN**

1. Contin‡e siguiendo **todas** las instrucciones de la oficina del Seguro por Desempleo (Unemployment Insurance) donde usted presentó su reclamo originalmente y para certificar por los beneficios mientras permanezca desempleado y esté reclamando beneficios. Esto protegerá su derecho a recibir cualquier beneficio que reclame.

2. Antes de cumplirse veinte (20) días de la fecha que aparece al frente de esta decisión, envíe una carta a la oficina donde presentó originalmente su petición o al Appeal Board a P.O. Box 15126, Albany, New York 12212-5126, o envíe por fax su apelación al Appeal Board al (518) 402-6208. Por favor, explique que desea apelar y las razones que tiene para hacerlo. Incluya su n‡mero de caso ALJ (lo encontrará justo encima de su nombre al frente de este Aviso de Decisión) y envíe una copia de este Aviso de Decisión.

3. Los reclamantes **no** necesitan depositar dinero para poder apelar su caso.

**TODAS LAS PARTES RECIBIR"N UN AVISO DE RECIBO DE APELACIPN DIRECTAMENTE DE LA JUNTA DE APELACIONES DESPU1S DE QUE SU PETICION SEA RECIBIDA.**

AB 665 (02-06)

A.L.J. Case No.017-06850          NEKPEN OSUAN                              Page 5

The claimant did not receive the notice of determination issued on January 18, 2017 until March 30, 2017. For that reason, a hearing was not requested until April 10, 2017.

OPINION: Pursuant to Labor Law § 620 (1) (a), a claimant who is dissatisfied with an initial determination of the claim for benefits or any other party, including any employer whose employer account percentage might be affected by such determination may, within thirty days after the mailing or personal delivery of notice of such determination, request a hearing. The Referee (Administrative Law Judge) may extend the time fixed for requesting a hearing, upon evidence that the physical condition or mental incapacity of the claimant prevented the claimant from filing an appeal within thirty days of the initial determination.

Pursuant to Labor Law § 620 (1), a request for a hearing must be made within thirty days of the mailing of the determination. The regulations of the Board, as amended, provide that a hearing request will be deemed to have been timely made if the request is postmarked within thirty days of the receipt of the determination. Absent any proof to the contrary, a determination shall be held to have been mailed on the date recited on the determination and received five business days after the mailing of the determination (12 NYCRR § 461.1).

The claimant's sworn testimony establishes that the notice of determination was not received until March 30, 2017. There was no proof of the mailing of such notice. Accordingly, and in the absence of any evidence to the contrary, I conclude that the claimant's request for a hearing on April 10, 2017 was not untimely.

Pursuant to Labor Law § 593 (3), a claimant is disqualified from receiving benefits after having lost employment through misconduct in connection with that employment. Pursuant to Labor Law § 527, the wages paid in such employment cannot be used to establish a future claim for benefits.

The credible evidence establishes that the claimant was discharged because the Executive Director of Investigation believed that the claimant had falsified her arrival time on her timesheet on September 14, 2016, by entering 9:35 a.m., when she did not arrive until 10:22 a.m. The claimant has credibly testified that prior to her discharge, the claimant had not submitted her timesheet with the inaccurate arrival time to the Chief Analytics Officer for his approval. The Chief Analytics Officer does not know whether the claimant submitted her timesheet for September 14, 2016 for his approval. As such, I accept the claimant's first hand testimony that she did not submit her timesheet to the Chief Analytics Officer to approve it and could have changed it prior to that date.

A.L.J. Case No.017-06850        NEKPEN OSUAN                                Page 6

## NOTICE OF DECISION

### CLAIMANTS

IF YOU DISAGREE WITH THIS DECISION, YOU HAVE A RIGHT TO APPEAL TO THE UNEMPLOYMENT INSURANCE APPEAL BOARD.

Parties may be represented by lawyers or other persons of their choice on appeal to the Appeal Board. For representing a claimant, a lawyer or an agent registered by the Appeal Board may charge a fee. The fee must be approved by the Appeal Board before payment may be accepted by such lawyer or agent. No other person may charge a fee for representing a claimant. If you do not have enough money to hire a lawyer or registered agent, you may be able to get one free through your local Legal Aid Society or Legal Services Program.

### TO APPEAL A DECISION

1. Continue to follow **all** instructions from the Unemployment Insurance office where you originally filed your claim and to certify for benefits as long as you are unemployed and claiming benefits. This will protect your rights to any benefits you claim.

2. Within twenty (20) days of the date printed on the face of this decision, mail a letter to the office where you originally filed your claim or to the Appeal Board at P.O. Box 15126, Albany, New York 12212-5126, or fax your appeal to the Appeal Board at (518) 402-6208. Please state that you wish to appeal and the reasons for your appeal. Include your ALJ Case Number (found just above your name on the face of the Notice of Decision) and a copy of the Notice of Decision.

3. Claimants who appeal are **not** required to pay a deposit on filing an appeal.

### EMPLOYERS

If you wish to appeal this decision, you may file a notice of appeal within twenty (20) days from the date printed on the face of this decision to the office where the claim was originally filed and which issued the initial determination, or to the Unemployment Insurance Appeal Board at P.O. Box 15126, Albany, New York 12212-5126, or you may fax your notice of appeal to the Appeal Board at (518) 402-6208. Such notice of appeal should include the A.L.J. Case Number (found on the face of this Notice of Decision), the reason(s) for the appeal and a copy of the Notice of Decision.

**ALL PARTIES WILL RECEIVE A NOTICE OF RECEIPT OF APPEAL DIRECTLY FROM THE APPEAL BOARD AFTER ANY APPEAL IS MADE.**

## INSTRUCCIONES A LOS RECLAMANTES

### RECLAMANTES

SI NO EST" DE ACUERDO CON ESTA DECISIPN, USTED TIENE DERECHO DE APELARLA A LA JUNTA DE APELACIONES DEL SEGURO POR DESEMPLEO.

Las partes si lo desean, pueden estar representadas por abogados u otras personas que ellos seleccionen en la apelación a la Junta de Apelaciones (Appeal Board). Un abogado o un agente que esté registrado por la Junta de Apelaciones, puede cobrale honorarios por representarle. Estos honorarios deben ser aprobados por la Junta de Apelaciones antes que el pago pueda ser aceptado por dicho abogado o agente registrado. Ninguna otra persona podrá cobrar honorarios por representar al reclamante. Si usted no tiene suficiente dinero para contratar a un abogado o un agente registrado, puede conseguir uno gratis a través de la Sociedad de Asistencia Legal (Legal Aid Society) o el Programa de Servicios Legales (Legal Services Program).

### PARA APELAR LA DECISIPN

1. Continúe siguiendo **todas** las instrucciones de la oficina del Seguro por Desempleo (Unemployment Insurance) donde usted presentó su reclamo originalmente y para certificar por los beneficios mientras permanezca desempleado y esté reclamando beneficios. Esto protegerá su derecho a recibir cualquier beneficio que reclame.

2. Antes de cumplirse veinte (20) días de la fecha que aparece al frente de esta decisión, envíe una carta a la oficina donde presentó originalmente su petición o al Appeal Board a P.O. Box 15126, Albany, New York 12212-5126, o envíe por fax su apelación al Appeal Board al (518) 402-6208. Por favor, explique que desea apelar y las razones que tiene para hacerlo. Incluya su número de caso ALJ (lo encontrará justo encima de su nombre al frente de este Aviso de Decisión) y envíe una copia de este Aviso de Decisión.

3. Los reclamantes **no** necesitan depositar dinero para poder apelar su caso.

**TODAS LAS PARTES RECIBIR"N UN AVISO DE RECIBO DE APELACIPN DIRECTAMENTE DE LA JUNTA DE APELACIONES DESPU1S DE QUE SU PETICION SEA RECIBIDA.**

AB 665 (02-06)



GERALDINE A. REILLY
CHAIRMAN
MICHAEL T. GREASON
RANDALL T. DOUGLAS
JUNE F. O'NEILL
MARILYN P. O'MARA
MEMBERS

STATE OF NEW YORK
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
PO Box 15126
Albany NY 12212-5126
(518) 402-0205
FAX:(518) 402-6208

SUSAN BORENSTEIN
EXECUTIVE DIRECTOR
JAYSON S. MYERS
CHIEF ADMINISTRATIVE LAW JUDGE
TERESA A. DEMEO
CHRISTOPHER M. TATE
MATTHEW J. TIERNEY
PRINCIPAL ADMINISTRATIVE LAW JUDGE

*DECISION OF THE BOARD*
*DECISIÓN DE LA JUNTA*

Mailed and Filed: **NOV 17 2017**

Appeal Board No. 596954

IN THE MATTER OF:

NEKPEN OSUAN
539 WEST 155TH STREET 44
NEW YORK NY 10032

UNEMPLOYMENT ACTION CTR
ATTN: KYLE KUNST
240 MERCER STREET
NEW YORK NY 10012-1507

THE CITY OF NEW YORK
DEPARTMENT OF BUILDINGS
280 BROADWAY 7TH FLOOR
NEW YORK NY 10007

NYC DEPT OF BLDGS
DENIS MCGOWAN EXEC DIR
11 PARK PLACE STE 201
NEW YORK NY 10007-

THE CITY OF NEW YORK
DEPT OF DCAP
1 CENTRE ST RM 2180
NEW YORK NY 10007-1602

A.S.O. - Appeals Section
Department of Labor Office: 801

A.L.J. Case No. 017-06850

PLEASE TAKE NOTICE that the commissioner, or any other party affected by this decision who appeared before the Appeal Board, may appeal questions of law involved in such decision to the Appellate Division of the Supreme Court, Third Department, by written notice mailed to the Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 within THIRTY DAYS from the date this decision was mailed.

POR FAVOR TOME NOTA que el comisionado o cualquier otra parte afectada por esta decision que haya comparecido ante la Junta de Apelaciones puede apelar aspectos legales de dicha decision a Appellate Division of the Supreme Court, Third Department, enviando un aviso escrito a Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 dentro de los TREINTA DIAS a partir de la fecha en que esta decision fue enviada por correo.

DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO
AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)

PRESENT: RANDALL T. DOUGLAS, MEMBER

The Department of Labor issued the initial determination disqualifying the claimant from receiving benefits effective September 17, 2016, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by THE CITY OF NEW

AB 2 (10/06)

Appeal Board No. 596954                                                                                      Page 2

YORK prior to September 17, 2016, cannot be used toward the establishment of a claim for benefits. The claimant requested a hearing. The Commissioner of Labor objected that the hearing request was not made within the time allowed by statute.

The Administrative Law Judge held hearings at which all parties were accorded a full opportunity to be heard and at which testimony was taken. There were appearances by the claimant and on behalf of the employer. By decision filed July 14, 2017 (A.L.J. Case No. 017-06850), the Administrative Law Judge overruled the Commissioner of Labor's timeliness objection and overruled the initial determination.

The employer appealed the Judge's decision to the Appeal Board.

We have reviewed the entire record and have considered the testimony and other evidence. It appears that no errors of fact or law have been made. The findings of fact and the opinion of the Administrative Law Judge are fully supported by the record and, therefore, are adopted as the findings of fact and the opinion of the Board. The Chief Analytics Officer's advice to the claimant that it was "unacceptable" for her to arrive to work late was not specific enough to put the claimant on notice that further instances of lateness might cause her to be fired. Further, the incorrect arrival time that the claimant entered into the employer's computer system was never certified as true and submitted for approval. Thus, the claimant did not "falsify" her time. Accordingly, we conclude that the decision of the Administrative Law Judge is affirmed.

DECISION: The decision of the Administrative Law Judge is affirmed.

The Commissioner of Labor's timeliness objection is overruled.

The initial determination, disqualifying the claimant from receiving benefits effective September 17, 2016, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by THE CITY OF NEW YORK prior to September 17, 2016, cannot be used toward the establishment of a claim for benefits, is overruled.

The claimant is allowed benefits with respect to the issues decided herein.


IF:MW                                          RANDALL T. DOUGLAS, MEMBER




AB 2 (10/06)



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820

Kevin J. Berry
District Director

November 30, 2017

Via U.S. Mail

Nekpen Osuan
539 West 155th Street
Apt. 44
New York, NY 10032

Re:   **Nekpen Osuan v. New York City Department of Buildings**
      **EEOC Charge No. : 520-2017-00257**

Dear Ms. Osuan:

The U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") has Charge of Discrimination ("Charge") prioritization procedures. These procedures apply to all open Charges in the EEOC's inventory and call for the Commission to focus its limited resources on those Charges that are most likely to result in findings of violations of the Federal laws the EEOC enforces. In accordance with these procedures, the Commission has completed its investigation of the above referenced Charge.

In your Charge, you allege that you were subjected to discrimination by the New York City Department of Buildings ("Respondent") on the basis of your sex, race and national origin. The EEOC has reviewed and analyzed the evidence submitted by you and the Respondent, including the rebuttal you submitted in response to the Respondent's Position Statement. Based upon this review, the Commission is unable to conclude that there was a violation of the Federal laws that the EEOC enforces on the part of the Respondent. Although you may disagree with this determination by the Commission, it is very unlikely that the EEOC would find a violation if it invested additional resources. Therefore, the Commission has decided not to further purse its investigation of this Charge and no further investigation and/or action will be taken by the Commission in regard to your Charge. This Determination is final.

Enclosed is your **Notice of Right to Sue ("NRTS")**. If you wish to purse this matter, you must file a lawsuit against the Respondent in Federal District Court within **90 days** of receipt of your NRTS; otherwise your right to sue will be lost. If you have any questions regarding your NRTS after you have read the enclosed information sheet, you can contact Federal Investigator Sanford at **Patrick.Sanford@eeoc.gov**.

Sincerely,

_____ for
Kevin Berry
District Director

EEOC Form 161 (11/09)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC")**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Nekpen Osuan<br>539 West 155th Street<br>Apt. 44<br>New York, NY 10032 | New York District Office<br>33 Whitehall Street – 5th Floor<br>New York, NY 10004 |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | E-Mail |
|---|---|---|
| 520-2017-00257 | Patrick Sanford, Federal Investigator | Patrick.Sanford@eeoc.gov |

**THE EEOC IS CLOSING ITS INVESTIGATION OF THIS CHARGE OF DISCRIMINATION ("CHARGE") FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the Charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] The allegations in the Charge did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your Charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your Charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this Charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this Charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*/s/ Kevin J. Berry/*

**Kevin J. Berry,**
**District Director**

**November 30, 2017**
*(Date Mailed)*

Enclosures(s)

cc:   **Respondent:**
**New York City Department of Buildings**
**Office of the General Counsel**
**Benjamin Hillengas – Assistant General Counsel**
280 Broadway – 7th Floor
New York, NY 10007
(212) 393-2293