UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

NEKPEN OSUAN,

                                    Plaintiff,

-against-

TIMOTHY MARTIN, and DENIS MCGOWAN,

                                    Defendants.

------------------------------------------------------------------- x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

18 Civ. 151 (WHP) (KNF)

       **WHEREAS**, the parties anticipate that confidential material will be exchanged in discovery in this action; and

       **WHEREAS**, the parties object to the production of confidential material unless appropriate protection for its confidentiality is assured; **NOW THEREFORE**

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties as represented below, as follows:

       1.     As used herein, "Confidential Materials" shall mean all documents, testimony and other material concerning or containing the following information, with all such information deemed "Confidential Information":

           a.     personnel or former personnel of the City of New York ("City"), or the City's Department of Buildings ("DOB"), or any agencies of the City, other than the plaintiff in this action, including, but not limited to personal information such as home addresses, telephone numbers, social security numbers, discipline and personnel files including all information contained therein such as salary, promotions, discipline and evaluations;

           b.     Equal Employment Opportunity related materials, but not limited to, complaints, race self-identification information, Equal Employment Opportunity Office files and the information contained therein;

c. All documents and information containing personal health information, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a party or nonparty pursuant to any Authorization to Release Medical Records executed by the Plaintiff in this action;

d. All documents and information containing mental health information of any party hereto, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a party or nonparty pursuant to any Authorization to Release Psychotherapy Notes executed by the Plaintiff in this action;

e. proprietary information, trade secrets or other similar confidential information of the City of New York;

f. taxpayer identification numbers and social security numbers;

g. any information of a personal or intimate nature regarding any individuals who are not plaintiffs in this action;

h. any documents that the parties agree are subject to this stipulation;

i. any documents that are designated on the face thereof as "Confidential";

j. any documents that the Court directs to be produced subject to this protective order; and,

k. any testimony or discovery response which reveals the contents of materials produced subject to this order.

2. Nothing in the definition of "Confidential Materials" or "Confidential Information" shall be implied, construed or deemed to require disclosure of any particular information by any party.

3. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as confidential if counsel determines, in good faith, that such document or information is Confidential Material as defined herein and that such designation is necessary to

protect the interests of the client. Information and documents designated as confidential are to be stamped or otherwise clearly marked with the word "Confidential." A party may designate documents produced or given by any non-party or party to this case as "confidential" by notifying all parties in writing of those documents which are to be treated as confidential within forty-five (45) days after receipt of the documents by counsel for the party making the confidentiality designation. To designate Confidential Information in deposition testimony (or in exhibits referred to therein), the party making the confidentiality designation shall notify all counsel in writing of those portions which are to be treated as confidential within forty-five (45) days after receipt of the transcript.

4. Plaintiff and plaintiff's counsel shall not use the Confidential Materials produced by defendants for any purpose other than for the preparation or presentation of plaintiff's case in this action and any appeals arising from a decision in this action.

5. Defendants and defendants' counsel shall not use the Confidential Materials produced by plaintiff for any purpose other than for the preparation or presentation of defendants' defenses in this action and any appeals arising from a decision in this action.

6. The Parties and the Parties counsel of record shall not disclose the Confidential Materials produced by the opposing party to any person other than employees of the law office of counsel of record, except under the following conditions:

    a. Disclosure before and during trial may be made only to the parties, to an expert who has been retained or specially employed by the parties counsel of record in anticipation of litigation or preparation for this action, to a witness at a deposition, or to the Court.

b. Before any disclosure is made to a person listed in subparagraph (a) above (other than to the Court), the parties' counsel of record shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the attorney making such disclosure. Within ten days of any disclosure, the attorney making such disclosure shall provide the opposing counsel of record with a copy of the executed consent form annexed hereto as Exhibit A, along with a log of all persons to whom the Confidential Materials was disclosed, identifying also the Confidential Materials disclosed. The disclosing attorney shall also certify that a good faith basis for the disclosure exists.

7. Any depositions taken in this action where either Confidential Materials or the contents of Confidential Materials, or documents containing Confidential Materials may be disclosed or used shall be attended only by the deponent, the deponent's attorney, the parties, the parties' counsel record, and the court reporter. All persons attending any deposition(s) in this case shall be subject to this Order. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

8. In filing Confidential Materials with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Materials ("Confidential Court Submission"), the parties shall comply with the Court's Individual Rule of Practice V(A), which provides, in relevant part: "Parties must obtain leave of this Court before filing any document under seal. To request leave, parties should: (1) file on ECF a letter request to file a document under seal, explaining the reasons for the request and attaching a proposed redacted version of the document; and (2) provide by email to the Courtroom Deputy or by hand delivery an unredacted version of the document, with any proposed redactions highlighted. After reviewing the unredacted version, the Court will either approve the sealed filing or direct the party to file an unredacted version on ECF. If approval is granted, the party seeking redactions shall (1) publicly file redacted copies of the materials; and (2) file unredacted copies of the materials with the Sealed Records Department of the Southern District of New York in accord with the Department's procedures."

9. This Stipulation is entered into without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information or Confidential Materials.

10. These restrictions may be altered or supplemented only by written stipulation between the parties filed with and approved by the Court or by order of the Court.

11. Each individual who receives Confidential Materials hereby agrees to subject themself to the jurisdiction of this court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this protective order.

12. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring

to information derived there from, shall be returned to the producing parties' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit.

13. Nothing in this Stipulation and Protective Order shall be construed to limit the party producing the Confidential Materials from using the Confidential Materials they produce in any manner.

14. The provisions of this Stipulation and Protective Order shall, absent further order of the Court, continue to be binding throughout and after the conclusion of this case and any appeals.

15. This Court retains jurisdiction over all matters arising under this protective order.

Dated:     New York, New York
           November 19, 2019

**LAW OFFICE OF ALEXANDER SAKIN, LLC**
Attorneys for Plaintiff
80 Broad Street, Suite 703
New York, NY 10004

By: _____
        Alexander Sakin

**JAMES E. JOHNSON**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-117
New York, New York 10007-2601
(212) 356-1180
ccoyne@law.nyc.gov

By: _____
        Christopher Coyne
        Assistant Corporation Counsel

**SO ORDERED:**

November 20, 2019
_____
           Date

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

# EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court for the Southern District of New York on November 19, 2019, in the action entitled Nekpen Osuan v. Timothy Martin and Denis McGowan, Civil Action No.: 18 Civ. 151 (WHP) (KNF), understands its terms and agrees to be bound by it. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution or defense of this action, and will not further disclose the Confidential Materials except in testimony taken in this action. The undersigned voluntarily submits to the personal jurisdiction of the United States District Court for the Southern District of New York for purposes of the enforcement of the above-cited protective order and the imposition of any sanctions for contempt of that order.

DATED: _____, 201__

_____
SIGNATURE

_____
Print Name

_____
Occupation

STATE OF NEW YORK      :
                       : ss:
COUNTY OF _____  :

On _____, 20__, before me personally came _____, to me known, and known, and duly acknowledged to me that he/she executed this document.

_____
Notary Public